**LAW OFFICES OF**

**O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 874-6045
Attorneys for plaintiff

```
---------------------------------X------------------------------
ALEXINA SIMON,                   :UNITED STATES DISTRICT COURT
          Plaintiff(s),          :EASTERN DISTRICT OF NEW YORK
                                 :
                                 :CASE No.:09 CV 1302 (ENV)(RER)
    against                      :
                                 :CIVIL ACTION
                                 :
THE CITY OF NEW YORK,            :AMENDED COMPLAINT
DETECTIVE DOUGLAS LEE,           :
SERGEANT EVELYN ALLEGRE,         :PLAINTIFF DEMANDS
ADA FRANCIS LONGOBARDI,          :TRIAL BY JURY
                                 :
          Defendant(s).          :
---------------------------------X------------------------------
```

TAKE NOTICE, the Plaintiff, Alexina Simon, hereby appears in this action by her attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon her, at the address below, in this matter.

Plaintiff, Alexina Simon, by her attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, Detective Douglas Lee, Sergeant Evelyn Allegre and ADA Francis Longobardi, collectively referred to as the defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the malicious actions and

negligence of the defendants, arising from the illegal and unlawful arrest and detention of the plaintiff by the defendants in August 2008.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391(b)(2).

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendants Detective Douglas Lee and Sergeant Evelyn Allegre are Police Officers and at all times relevant to this action are officers of the City of New York Police Department and are acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendant ADA Francis Longobardi is an Assistant District Attorney, assigned to the Queens County District Attorney's Office, acting under color of state law. Defendant ADA Francis Longobardi is being sued in both his individual and official capacities.

9. The defendant City of New York is a municipality in the State of New York and employs defendants Detective Douglas Lee, Sergeant Evelyn Allegre and ADA Francis Longobardi, collectively referred to as defendant Officers.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about August 11, 2008, at approximately 9:30AM, defendant Officers, employed by defendant City of New York and assigned to the Queens County District Attorneys Office, without probable cause and or justification arrested plaintiff at her place of employment, which is located at 145 West 44th Street, New York, County and State of New York. Additionally, on or about August 12, 2008, at approximately 9:30AM, defendant Officers, employed by defendant City of New York and assigned to the Queens County District Attorneys Office, without probable cause and or justification arrested plaintiff at her home which is located at 444 Greene Avenue, Brooklyn, New York, County of Kings.

11. Prior to the arrests, the defendant Officers on numerous occasions contacted the plaintiff on her personal and work telephones over the 2 or 3 week period immediately preceding the arrests and ceaselessly harassed the plaintiff. In addition to other things, the defendant Officers on numerous occasions threatened to arrest and detain the plaintiff for a lengthy period of time.

12. At the time of the August 11, 2008 arrest, defendants Detective Douglas Lee and Sergeant Evelyn Allegre suddenly appeared at plaintiff's place of employment early in the morning and asked to speak to plaintiff's supervisor concerning the plaintiff. After a period of time, plaintiff was informed by her supervisor that defendants Detective Douglas Lee and Sergeant Evelyn Allegre were waiting for her. As soon as plaintiff approached defendants Detective Douglas Lee and Sergeant Evelyn Allegre, they indicated that they had a warrant that was issued for plaintiff's arrest. Further, defendants Detective Douglas Lee and Sergeant Evelyn Allegre threatened that they would resort to the use of force in the event that plaintiff failed to comply with any of their directives. Subsequently, defendants Detective Douglas Lee and Sergeant Evelyn Allegre without cause or reason unlawfully arrested the plaintiff in the presence of her co-workers. Thereafter,

defendants Detective Douglas Lee and Sergeant Evelyn Allegre transported plaintiff in a police vehicle to the Criminal Courthouse that is located at 125-01 Queens Boulevard, Kew Gardens, New York, County of Queens. While at the Criminal Courthouse, defendant Officers unlawfully detained and interrogated the plaintiff for a lengthy period of time, and did not charge plaintiff with any crime or offense. Further, the defendant Officers did not allow plaintiff to appear before a judge nor did they afford plaintiff the opportunity to consult or speak with her attorney. Even though the plaintiff repeatedly informed the defendant Officers that she did not commit any crime or offense, the defendant Officers persisted in their efforts to harass and intimidate the plaintiff. During the entire time while plaintiff was illegally held and detained, plaintiff requested but was denied access to her medication, food, and drink, as well as contact and visitation by her co-workers, friends and family.

13. At the time of the August 12, 2008 arrest, defendants Detective Douglas Lee and Sergeant Evelyn Allegre without cause or reason suddenly appeared unannounced at plaintiff's home early on a Tuesday morning. As during the August 11, 2008 arrest, defendants Detective Douglas Lee and Sergeant Evelyn Allegre indicated that they had a warrant that was issued for plaintiff's arrest. Further, defendants Detective Douglas Lee and Sergeant Evelyn Allegre threatened that they would resort to the use of force in the event that plaintiff failed to comply with any of their directives. Subsequently, defendants Detective Douglas Lee and Sergeant Evelyn Allegre without cause or reason unlawfully arrested the plaintiff at her home. Thereafter, defendants Detective Douglas Lee and Sergeant Evelyn Allegre transported plaintiff in a police vehicle to the Criminal Courthouse that is located at 125-01 Queens Boulevard, Kew Gardens, New York, County of Queens. While at the Criminal Courthouse, defendant Officers unlawfully detained and interrogated plaintiff for a lengthy period of time, and did not charge plaintiff with any crime or offense. Further, the defendant Officers did not allow plaintiff to appear before a judge nor did they afford plaintiff the opportunity to consult or speak with her attorney. Even though plaintiff repeatedly informed the defendant Officers that she did not commit any crime or offense, the defendant Officers persisted in their efforts to harass and intimidate the plaintiff. During the entire time while plaintiff was illegally held and detained,

plaintiff requested but was denied access to her medication, food, and drink, as well as contact and visitation by her co-workers, friends and family.

14. That even though the defendants knew, or should have known based on the facts, that plaintiff did not commit any crime or offense, they proceeded to detain and or arrest the plaintiff just to intimidate plaintiff.

15. That at no time during the arrests was plaintiff read her Miranda rights or allowed to make a phone call or inform her family that she had been arrested.

16. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of her body some or all of which may be permanent.

18. The illegal and unlawful arrest of plaintiff and the subsequent unlawful detention, particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

20. As a direct and proximate result of plaintiff's illegal and unlawful arrest and detention, plaintiff has lived and continues to live in constant fear, continues to suffer from nightmares, is now fearful of stepping outside and whenever she sees a police officer or government official or is in the midst of police officers or government officials, she suffers various emotional setbacks and

attacks. Additionally, plaintiff has been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home and family circles.

21. As a direct and proximate result of defendants' actions, plaintiff was arrested and detained without just or probable cause.

22. As a direct and proximate result of defendants' actions, plaintiff was deprived of her due process rights, and rights, remedies, privileges, and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline its officers including the defendant Officers in this case, for violation of the constitutional rights of its citizens, thereby causing its officers including the defendant Officers in this case, to engage in unlawful conduct.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline its officers including the defendant Officers in this case, who knowingly conceal violations of the constitutional rights of citizens by other officers thereby causing and encouraging its officers including the defendant Officers in this case, to engage in unlawful conduct.

25. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in her person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

26. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

27. That the actions of the defendants were malicious, illegal, unlawful, and directed at depriving the plaintiff of her constitutional rights.

28. This action has been commenced within three years after the occurrence of the event(s) upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983 - against defendant Officers

29. Plaintiff hereby restates paragraphs 1-28 of this complaint, as though fully set forth below

30. By arresting, threatening, harassing and detaining plaintiff without justification, probable cause or reasonable suspicion, defendant Officers deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

31. In addition, defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

32. The defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as City of New York Officers. Said acts by defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A SECOND CAUSE OF ACTION:

False Arrest and False Imprisonment - all defendants

34. Plaintiff hereby restates paragraphs 1-33 of this complaint, as though fully set forth below

35. The defendant Officers wrongfully, illegally and unlawfully arrested and detained plaintiff.

36. The wrongful arrest and detention were carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

37. At all relevant times, the defendant Officers acted with excessive force in apprehending and detaining plaintiff.

38. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably harassed, detained, threatened and deprived of her liberty.

39. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

40. The defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A THIRD CAUSE OF ACTION:

New York State Constitution, Art. I, §§ 5 & 12 - all defendants

42. Plaintiff hereby restates paragraphs 1-41 of this complaint, as though fully set forth below

43. By reason of the foregoing, and by arresting and detaining plaintiff without probable cause or reasonable suspicion, and harassing, threatening and assaulting her, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5

(prohibiting cruel and unusual punishments) and by Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

44. In addition, the individual defendants conspired among themselves to deprive plaintiff of her constitutional rights secured by Article I, §§ 5 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendants' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5 & 12 of the New York Constitution.

46. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress - all defendants

48. Plaintiff hereby restates paragraphs 1-47 of this complaint, as though fully set forth below.

49. The defendant Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

50. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest and detention by defendant Officers.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent Hiring and Retention of Employment Services - against defendant City of New York.

52. Plaintiff hereby restates paragraphs 1-51 of this Complaint, as though fully set forth below.

53. Upon information and belief, defendant City of New York, through its agencies and or departments, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

54. Upon information and belief, defendant City of New York, through its agencies and or departments, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

55. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant Officers were not prudent and were potentially dangerous.

56. Upon information and belief, defendant City of New York's negligence in hiring and retaining defendant Officers proximately caused plaintiff's injuries.

57. Upon information and belief, because of defendant City of New York's negligent hiring and retention of the aforementioned defendant Officers, plaintiff incurred and sustained significant and lasting injuries.

## RESPONDEAT SUPERIOR

58. Defendants, their officers, agents, servants, and employees are responsible for the damages suffered by plaintiff; defendant City of New York, as employer of the defendant Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

WHEREFORE, plaintiff respectfully requests judgment against the defendants as follows:

1. On the First Cause of Action against all defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorney's fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Officers in an amount to be determined at trial;

3. On the Third Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Officers in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

5. On the Fifth Cause of Action, against defendant City of New York, compensatory damages in an amount to be determined at trial; and

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:    August 12, 2009
          Brooklyn, New York

                              Respectfully Submitted,


                              /s/
                              _____
                         By:  Ugochukwu Uzoh, Esq. [UU-9076]
                              255 Livingston Street,
                              4th Floor
                              Brooklyn, New York 11217
                              Tel. No.  : (718) 874-6045
                              Fax No.   : (718) 576-2685

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEXINA SIMON,

                                                                   Plaintiff(s),

against

THE CITY OF NEW YORK, DETECTIVE DOUGLAS LEE, SERGEANT EVELYN ALLEGRE, ADA FRANCIS LONGOBARDI,

                                                                     Defendant(s).

---

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET, 4TH FLOOR, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

    Service of a copy of the within is hereby admitted

        Dated:_____

        Attorney(s) For:_____