# UGO UZOH, P.C.
ATTORNEYS AT LAW
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK 11217
TEL: (718) 874-6045, FAX: (718) 576-2685

March 3, 2010

**Via ECF**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Alexina Simon v. City of New York, et al.</u>
       09 CV 1302 (ENV) (RER)

Dear Judge Vitaliano:

This firm represents plaintiff Alexina Simon, and the intervenor-plaintiffs Alexandra Dormoy and Aviah Siid, in connection with the above referenced matter. Pursuant to Your Honor's *Individual Motion Practice and Rules*, I write to respectfully request a pre-motion conference regarding plaintiffs' anticipated motion for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a), and to intervene in this matter pursuant to Fed. R. Civ. P. 24. Appended hereto as **Exhibit "1"** is a copy of plaintiffs' proposed second amended complaint.[1]

As an initial matter, the intervenor-plaintiffs have a question of law or fact in common with Ms. Simon. Here, both Aviah and Ms. Dormoy asserted derivative claims for loss of consortium. (2d Am. Compl. ¶¶ 92-96.) Additionally, Ms. Dormoy alleges that the defendants retaliated against her by going after her mother, Ms. Simon, and, eventually, arrested her mother in retaliation for her, Ms. Dormoy's, decision to cease all contact with them and to no longer assist them in their investigation of her friend, Police Officer Shantell McKinnies. (2d Am. Compl. ¶¶ 55-60.) Essentially, plaintiffs asserted several claims against the defendants that have questions of law or fact in common including but not limited to § 1983 and state law claims. Rule 24(b) of the Federal Rules of Civil Procedure provides that "anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common." *State of Connecticut v. Long Island Lighting Co.*, 535 F. Supp. 546, 549 (E.D.N.Y. 1982).

Regarding the anticipated motion for leave to amend the complaint, Federal Rules of Civil Procedure 15(a) allows a party to amend her pleadings by leave of the court, and further

---

[1] On February 26, 2010, plaintiffs forwarded a copy of the proposed second amended complaint to defendants' attorney, Andrew Myerberg, for his review and consent. Mr. Myerberg subsequently notified plaintiffs that the defendants would not consent and will oppose the proposed amendments and intervention.

Honorable Eric N. Vitaliano
United States District Judge
Page 2 of 3

directs that "leave shall be freely given when justice so requires." *EEOC v. Thomas Dodge Corp.*, 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) *quoting* Fed. R. Civ. P. 15(a).

Here, plaintiffs seek to amend the complaint to include more detailed factual allegations or more fully developed legal theories and new facts that became available from documents provided by the defendants pursuant to Rule 26. *See Eades v. Thompson*, 823 F.2d 1055, 1059, 1063 (7th Cir. 1987) (plaintiff shall be given an opportunity to amend her complaint to include more detailed factual allegations or more fully developed legal theories).

As a background, Ms. Simon commenced the within action on March 27, 2009, and thereafter amended the complaint on consent on August 13, 2009, to add or join additional parties to the action. In addition to other claims, Ms. Simon asserted § 1983 claims against the defendants and alleged, among other things, that the defendants unlawfully arrested and detained her on August 11, 2008 and August 12, 2008, respectively. However, Ms. Simon did not have all the facts at the time and was unable to adequately flesh out the claims. Since August 13, 2009, new facts have become available and plaintiffs now seek to amend the complaint to include more detailed factual allegations and the new facts that became available from documents provided by the defendants pursuant to Rule 26. *See Manning v. Utils. Mut. Ins. Co.*, 254 F.3d 387, 402 (2d Cir. 2001) ("[t]he interests of justice noted by Rule 15(a) strongly favor allowing plaintiff an opportunity to replead [her] complaint to attempt to specifically and sufficiently allege [her] claim against defendants").

Based on the documents recently provided by the defendants, it has become clear that the named individual defendants, working in concert with themselves and with other individuals, presented false information to the Criminal Court in procuring the arrest warrant in this matter.[2] Additionally, it has become clear that defendant City of New York, acting through District Attorney Richard A. Brown and the Office of the District Attorney of the Queens County, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants and the obligation to effect an arrest only when probable cause exits for such arrest. Further, it has become clear that defendant City of New York, acting through District Attorney Richard A. Brown and the Office of the District Attorney of the Queens County, had actual and or de facto policies, practices, customs or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions and the duty and or obligation of candor toward the court. The purpose of Rule 15 is to "provide parties an opportunity to assert new matters that may not have been known to them at the time they filed their original

---

[2] The named Assistant District Attorney in this matter, Francis Longobardi, personally attested to the facts in an affidavit filed in support of the application for the August 11, 2008 arrest warrant. Testifying about facts is the function of the witness, not of the lawyer. *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997). Thus, as was true in *Kalina*, Mr. Longobardi was acting as an investigator, and was not protected by absolute immunity, when he signed the sworn affidavit attesting to the facts supporting the August 11, 2008 arrest. *Id.* at 129-31.

Honorable Eric N. Vitaliano
United States District Judge
Page 3 of 3

pleadings." *Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1237 (W.D. Va. 1990) (quotation omitted). *See also United States v. IBM*, 66 F.R.D. 223, 228 (S.D.N.Y. 1975) (amended pleadings set forth matters occurring prior to the date of the original pleading but omitted from that pleading).

Presently, the within action is still at the preliminary stages. Although Ms. Simon served discovery demands upon the defendants on July 7, 2009, the defendants are yet to provide any adequate response. Essentially, written discovery is still ongoing and no deposition has been scheduled. Thus, the defendants cannot claim that their ability to maintain defense was prejudiced. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (leave to amend should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility) (citation omitted); *Thomas Dodge Corp.*, 524 F. Supp. 2d at 231 (absent undue delay, bad faith, or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given) (quotations omitted). Further, the intervention will not delay or prejudice the adjudication of the rights of the original parties as Ms. Simon and the intervenors' claims are identical. *See Long Island Lighting Co.*, 535 F. Supp. at 549.

In sum, as plaintiffs merely seek to amend the complaint to include more detailed factual allegations or more fully developed legal theories, and given the fact that the defendants cannot claim that their ability to maintain defense was prejudiced or that the intervention will cause any delays or prejudice, plaintiffs respectfully request that the Court schedule a pre-motion conference concerning the anticipated motion to intervene and amend the complaint.

Thank you for your time and consideration of plaintiffs' request.

Respectfully submitted,

/s/

Ugochukwu Uzoh

cc:    Assistant Corporation Counsel Andrew Myerberg (via ECF)

Exhibit 1

Exhibit 1

# LAW OFFICES OF

## UGO UZOH, P.C.

255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 874-6045
Attorneys for plaintiffs

```
-------------------------------X-------------------------------
ALEXINA SIMON, ALEXANDRA      :UNITED STATES DISTRICT COURT
DORMOY and AVIAH SIID, an     :EASTERN DISTRICT OF NEW YORK
infant under the age of 18    :
years, by her mother and      :CASE No.: 09 CV 1302 (ENV)(RER)
natural guardian, ALEXINA     :
SIMON,                        :CIVIL ACTION
            Plaintiff(s),     :
                              :
    against                   :SECOND AMENDED COMPLAINT
                              :
                              :
THE CITY OF NEW YORK, DETECTIVE:
DOUGLAS LEE, SERGEANT EVELYN  :PLAINTIFFS DEMAND
ALLEGRE, ADA FRANCIS          :TRIAL BY JURY
LONGOBARDI, "JOHN DOE" and    :
"JANE DOE",                   :
            Defendant(s).     :
-------------------------------X-------------------------------
```

TAKE NOTICE, the Plaintiffs, Alexina Simon, Alexandra Dormoy and Aviah Siid, an infant under the age of 18 years, by her mother and natural guardian, Alexina Simon, hereby appear in this action by their attorneys, The Law Offices of Ugo Uzoh, P.C., and demand that all papers be served upon them, at the address below, in this matter.

Plaintiffs, by their attorneys, Ugo Uzoh, P.C., complaining of the defendants, The City of New York, Detective Douglas Lee, Sergeant Evelyn Allegre, ADA Francis Longobardi, John Doe and Jane Doe, collectively referred to as the defendants, upon information and belief allege as follows:

## NATURE OF THE ACTION

1.   This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United

States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.    This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the malicious actions and negligence of the defendants, arising primarily from the illegal and unlawful arrest and detention of Ms. Simon by the defendants in August 2008.

## JURISDICTION

3.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4.    All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391(b)(2).

## PARTIES

6.    Plaintiffs, single parent and her two (2) children, reside in Brooklyn, New York and are residents of the State of New York.

7.    Defendants Detective Douglas Lee, Sergeant Evelyn Allegre, John Doe and Jane Doe, collectively referred to as defendant police officers, are police officers and at all

times relevant to this action are police officers of the Queens County District Attorney's Office and are acting under color of state law. The defendant police officers are being sued in both their individual and official capacities.

8. Defendants ADA Francis Longobardi, John Doe and Jane Doe, collectively referred to as defendant Assistant District Attorneys, are Assistant District Attorneys assigned to the Queens County District Attorney's Office and are acting under color of state law. The defendant Assistant District Attorneys are being sued in both their individual and official capacities.

9. The defendant City of New York is a municipality in the State of New York and employs the defendant police officers and the defendant Assistant District Attorneys, collectively referred to as defendant Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about August 11, 2008, at approximately 9:30AM, defendant Officers, employed by defendant City of New York and assigned to the Queens County District Attorneys Office, without probable cause and or justification arrested Ms. Simon at her place of employment, which is located at 145 West 44th Street, New York, County and State of New York. Additionally, on or about August 12, 2008, at approximately 9:30AM, defendant Officers, employed by defendant City of New York and assigned to the Queens County District Attorneys Office, without probable cause and or justification arrested Ms. Simon at her home which is located at 444 Greene Avenue, Brooklyn, New York, County of Kings.

11. Prior to the arrests, the defendants had falsely charged Police Officer Shantell McKinnies, who is a close friend of Ms. Dormoy, with PL 155.35 'Grand larceny in the third degree,' amongst other charges. Police Officer McKinnies, an officer of the New York Police Department with an unblemished record, and Ms. Dormoy has been, and remains, close friends since their childhood.

12. In an effort to find fault against Police Officer McKinnies, the defendants orchestrated a campaign of harassment and intimidation against Police Officer

Mckinnies, her family and her close friends and associates, including but not limited to Ms. Dormoy.

13.  In the course of their campaign of harassment and intimidation, the defendants began to threaten some of Police Officer McKinnies' friends, including Ms. Dormoy, with arrests and incarceration.

14.  Initially, Ms. Dormoy met with the defendants and also spoke with them via telephone on numerous occasions during the course of their investigation of Police Officer McKinnies.

15.  However, as the threats and intimidation by the defendants escalated, Ms. Dormoy decided not to have any further contact or any sort of association with the defendants and, subsequently, informed the defendants that she would no longer cooperate with them and or assist them in their investigations.

16.  Subsequently, as the defendants were no longer able to reach Ms. Dormoy, the defendants decided to go after her mother, Ms. Simon, who does not have any sort of relationship with Police Officer McKinnies, except for the fact that she is Ms. Dormoy's mother.

17.  On numerous occasions prior to the arrests, the defendants contacted Ms. Simon on her personal and work telephones and ceaselessly harassed Ms. Simon. In addition to other things, the defendant Officers on numerous occasions threatened to arrest and detain Ms. Simon for a lengthy period of time.

18.  At the time of the August 11, 2008 arrest, the defendant police officers suddenly appeared at Ms. Simon's place of employment early in the morning and asked to speak with Ms. Simon's supervisor concerning Ms. Simon. After a period of time, Ms. Simon was informed by her supervisor that the defendant police officers were waiting for her. As soon as Ms. Simon approached the defendant police officers, they indicated that they had a warrant that was issued for her arrest. Further, the defendant police officers threatened that they would resort to the use of force in the event that Ms. Simon failed to comply with any of their directives. Subsequently, the defendant police officers without cause or reason unlawfully arrested Ms. Simon in the presence of her co-workers. Thereafter, the defendant

police officers transported Ms. Simon in a police vehicle to the Criminal Courthouse that is located at 125-01 Queens Boulevard, Kew Gardens, New York, County of Queens. While at the Criminal Courthouse, defendant Officers unlawfully detained and interrogated Ms. Simon for a lengthy period of time, and did not charge Ms. Simon with any crime or offense. Further, the defendant Officers did not allow Ms. Simon to appear before a judge nor did they afford Ms. Simon any opportunity to consult or speak with her attorney. Even though Ms. Simon repeatedly informed the defendant Officers that she did not commit any crime or offense, the defendant Officers nonetheless persisted in their efforts to harass and intimidate the plaintiffs. During the entire time while Ms. Simon was illegally held and detained, Ms. Simon requested but was denied access to her medication, food, and drink, as well as contact and visitation by her co-workers, friends and family.

19. At the time of the August 12, 2008 arrest, the defendant police officers without cause or reason suddenly appeared unannounced at plaintiffs' home early on a Tuesday morning. As during the August 11, 2008 arrest, the defendant police officers indicated that they had a warrant that was issued for Ms. Simon's arrest. Further, the defendant police officers threatened that they would resort to the use of force in the event that Ms. Simon failed to comply with any of their directives. Subsequently, the defendant police officers without cause or reason unlawfully arrested Ms. Simon at her home. Thereafter, the defendant police officers transported Ms. Simon in a police vehicle to the Criminal Courthouse that is located at 125-01 Queens Boulevard, Kew Gardens, New York, County of Queens. While at the Criminal Courthouse, defendant Officers unlawfully detained and interrogated Ms. Simon for a lengthy period of time, and did not charge Ms. Simon with any crime or offense. Further, the defendant Officers did not allow Ms. Simon to appear before a judge nor did they afford Ms. Simon any opportunity to consult or speak with her attorney. Even though Ms. Simon repeatedly informed the defendant Officers that she did not commit any crime or offense, the defendant Officers nonetheless persisted in their efforts to harass and intimidate the plaintiffs. During the entire time while Ms. Simon was illegally held and detained, Ms. Simon requested but was denied access to her medication, food, and drink, as well as contact and visitation by her co-workers, friends and family.

20. That when the defendants eventually released Ms. Simon late on August 12, 2008, defendant ADA Francis Longobardi then issued a subpoena that is dated August 12, 2008, purporting to command Ms. Simon, in the name of the People of the State of New York, "to appear before the Grand Jury" on August 11, 2008 and August 12, 2008, respectively.

21. Further, the individual defendants, working in concert with themselves and with other individuals, presented false information to the Criminal Court in procuring a purported arrest warrant for the purpose of bringing Ms. Simon to the Criminal Court on August 11, 2008, for a hearing ordered by the Criminal Court on the basis of false information presented to it by defendant ADA Francis Longobardi. Pursuant to the Criminal Court's Order, the purpose of said hearing was to determine whether Ms. Simon had any information that the defendants could use against Police Officer McKinnies.

22. That in an application submitted to the Criminal Court seeking the purported arrest warrant, defendant ADA Francis Longobardi affirmed under the penalty of perjury that Police Officer McKinnies "filled out, in her own handwriting, a document . . . and in said document she stated that her friend Alexina Simon discovered the vehicle stolen."

23. That the above stated information is false, and the defendants knowingly presented said false information to the Criminal Court. Therefore, the defendants cannot claim good faith reliance on the purported arrest warrant as the Criminal Court was misled by information that defendant ADA Francis Longobardi and the defendants knew was false or would have known was false except for their reckless disregard of the truth.

24. That even though the defendants knew, or should have known based on the facts, that Ms. Simon did not commit any crime or offense, they still proceeded to arrest Ms. Simon just to intimidate the plaintiffs.

25. That at no time during the arrests was Ms. Simon read her Miranda rights or allowed to make a phone call or inform her family that she had been arrested.

26. At no time did Ms. Simon commit any offense against the laws of New York City and or State for which an arrest may

be lawfully made. At no time did Ms. Simon trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

27. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer serious injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of their body some or all of which may be permanent.

28. The illegal and unlawful arrest of Ms. Simon and the subsequent unlawful detention, particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

29. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

30. As a direct and proximate result of Ms. Simon's illegal and unlawful arrest and detention, plaintiffs have lived and continue to live in constant fear, continue to suffer from nightmares, are now fearful of stepping outside and whenever they see a police officer or government official or are in the midst of police officers or government officials, they suffer various emotional setbacks and attacks. Additionally, plaintiffs have been unable to function normally causing severe strain and breakdown in their personal relationships, in and outside of their home and family circles.

31. As a direct and proximate result of defendants' actions, Ms. Simon was arrested and detained without just or probable cause.

32. As a direct and proximate result of defendants' actions, plaintiffs were deprived of their due process rights, and rights, remedies, privileges, and immunities under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

Alexina Simon, et al./Second Amended Complaint.                    **Page 7**

33. Defendant City of New York, acting through District Attorney Richard A. Brown and the Office of the District Attorney of the Queens County, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest. Additionally, defendant City of New York, acting through District Attorney Richard A. Brown and the Office of the District Attorney of the Queens County, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions and the duty and or obligation of candor toward the court.

34. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

35. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

36. By these actions, defendants have deprived plaintiffs of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

37.   That plaintiffs' proprietary right to their good name and reputation was improperly and unlawfully attacked.

38.   That the conduct of the defendants as described herein degraded, ridiculed and exposed plaintiffs to physical and emotional harm.

39.   That the actions of the defendants were malicious, illegal, unlawful, and directed at depriving plaintiffs of their constitutional rights and their good name, were in violation of public policy, and were directed at depriving Aviah and Ms. Dormoy of the normal companionship, solace and society of their mother.

40.   That plaintiffs were and are still traumatized by the treatment at the hands of the defendants. They suffered and continue to suffer substantial financial hardship and severe emotional and mental distress as a result of the actions that gave rise to this lawsuit.

41.   This action has been commenced within three years after the occurrence of the event(s) upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983 – all defendants

42.   Plaintiffs hereby restate paragraphs 1-41 of this complaint, as though fully set forth below

43.   By arresting, threatening, harassing and detaining Ms. Simon without justification, probable cause or reasonable suspicion, defendant Officers deprived Ms. Simon of her due process rights, and rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

44.   In addition, defendant Officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Fifth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45. The defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as City of New York Officers. Said acts by defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## **AS A SECOND CAUSE OF ACTION:**

False Arrest and False Imprisonment - all defendants

47. Plaintiffs hereby restate paragraphs 1-46 of this complaint, as though fully set forth below

48. The defendant Officers wrongfully, illegally and unlawfully arrested and detained Ms. Simon.

49. The wrongful arrest and detention were carried out without a valid warrant, without Ms. Simon's consent, and without probable cause or reasonable suspicion.

50. At all relevant times, the defendant Officers acted with excessive force in apprehending and detaining Ms. Simon.

51. Throughout this period, Ms. Simon was unlawfully, wrongfully, and unjustifiably harassed, detained, threatened and deprived of her liberty.

52. All of the foregoing occurred without any fault or provocation on the part of the plaintiffs.

53. The defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiffs.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

First Amendment Retaliation – defendant Officers

55. Plaintiffs hereby restate paragraphs 1-54 of this complaint, as though fully set forth below

56. As the defendants' threats and harassment escalated, Ms. Dormoy decided not to have any further contact or any sort of association with the defendants and, subsequently, informed the defendants that she would no longer cooperate with them and or assist them in their investigations concerning Police Officer McKinnies.

57. Subsequently, as the defendants were no longer able to reach Ms. Dormoy, the defendants decided to retaliate by going after her mother, Ms. Simon.

58. On numerous occasions prior to the August 11, 2008 and August 12, 2008 arrests, the defendants contacted Ms. Simon on her personal and work telephones and ceaselessly harassed Ms. Simon. In addition to other things, the defendant Officers on numerous occasions threatened to arrest and detain Ms. Simon for a lengthy period of time and, eventually, arrested and detained Ms. Simon.

59. Clearly, the actions of the defendants were motivated by plaintiffs' exercise of their rights and interest protected by the First Amendment, and the actions of the defendants effectively chilled the exercise of plaintiffs' rights.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

Failure to Intervene – defendant Officers

61. Plaintiffs hereby restate paragraphs 1-60 of this complaint, as though fully set forth below

62. That the defendant Officers were fully involved in the investigations described herein and were fully aware that defendant ADA Francis Longobardi presented false information and misled the Criminal Court in issuing the purported arrest warrant for the purpose of bringing Ms. Simon to the Criminal Court on August 11, 2008. Additionally, the defendant Officers were fully aware that there was no arrest warrant for the August 12, 2008 arrest. That despite the above, the defendant Officers, including but not limited to each and every pertinent supervisor and or management staff, sat around and did absolutely nothing to discourage and prevent the arrests described herein. Essentially, the defendant Officers participated in, set the conditions, directly and or indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired together in bringing about the unlawful arrests described herein.

63. Clearly, the defendant Officers were aware that Ms. Simon was unlawfully and unjustifiably arrested on said dates and that the plaintiffs' constitutional rights were being violated. Additionally, the defendant Officers had a realistic opportunity to intervene to prevent the harm detailed above from occurring but failed to intervene.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A FIFTH CAUSE OF ACTION:

Malicious Abuse of Process – defendant Officers

65. Plaintiffs hereby restate paragraphs 1-64 of this complaint, as though fully set forth below

66. Defendant ADA Francis Longobardi and defendant Officers knowingly presented false information to the Criminal Court and requested the Criminal Court to schedule a hearing, on the basis of the false information, just to retaliate against the plaintiffs and in furtherance of their campaign of harassment and intimidation. As a result, the Criminal Court scheduled a hearing for August 11, 2008, and issued the purported arrest warrant for the purpose of bringing Ms. Simon to the hearing, in order to determine whether Ms. Simon had any information that the defendants could use against Police Officer McKinnies.

67.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A SIXTH CAUSE OF ACTION:

42 U.S.C. § 1985 – defendant Officers

68.  Plaintiffs hereby restate paragraphs 1-67 of this complaint, as though fully set forth below

69.  In an effort to harass, abuse, humiliate, intimidate and retaliate against the plaintiffs, the individual defendants conspired with other individuals and among themselves, and conspired to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

70.  In light of the foregoing therefore, the individual defendants engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

71.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A SEVENTH CAUSE OF ACTION:

New York State Constitution, Art. I, §§ 5, 8, 11 & 12 - all defendants

72.  Plaintiffs hereby restate paragraphs 1-71 of this complaint, as though fully set forth below

73.  By reason of the foregoing, and by arresting, detaining and imprisoning Ms. Simon without probable cause or reasonable suspicion, and harassing and assaulting plaintiffs and depriving plaintiffs of equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in

civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

74. In addition, the individual defendants conspired with other individuals and among themselves to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

75. The individual defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual defendants' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution.

76. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A EIGHTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress - all defendants

78. Plaintiffs hereby restate paragraphs 1-77 of this complaint, as though fully set forth below

79. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

80. Plaintiffs' emotional distress has damaged their respective personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

81. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A NINTH CAUSE OF ACTION:

Negligent Infliction of Emotional Distress - all defendants

82. Plaintiffs hereby restate paragraphs 1-81 of this complaint, as though fully set forth below

83. The defendants engaged in extreme and outrageous conduct, negligently and recklessly causing severe emotional distress to plaintiffs.

84. Plaintiffs' emotional distress has damaged their respective personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

85. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A TENTH CAUSE OF ACTION:

Negligent Hiring and Retention of Employment Services - defendant City of New York

86. Plaintiffs hereby restate paragraphs 1-85 of this complaint, as though fully set forth below

87. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

88. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a

like situation would probably result from such conduct described herein.

89. Upon information and belief, defendant City of New York knew or should have known through the exercise of reasonable diligence that defendant Officers were not prudent and were potentially dangerous.

90. Upon information and belief, defendant City of New York's negligence in hiring and retaining defendant Officers proximately caused plaintiffs' injuries.

91. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant Officers, plaintiffs incurred and sustained significant and lasting injuries.

## AS A ELEVENTH CAUSE OF ACTION:

Loss of Consortium - all defendants

92. Plaintiffs hereby restate paragraphs 1-91 of this complaint, as though fully set forth below

93. During the entire time while Ms. Simon was detained, Ms. Simon continued to worry and was highly concerned about Aviah, her infant daughter, who was hysterical and inconsolable during the whole ordeal. Additionally, Ms. Dormoy continued to worry and was highly concerned about her mother.

94. As a direct and proximate result of Ms. Simon's illegal and unlawful detention and confinement, plaintiffs have lived and continue to live in constant fear, continue to suffer from nightmares, are fearful of stepping outside and now suffer various emotional setbacks and attacks. Additionally, plaintiffs have has been unable to function normally which has caused severe strain and breakdown in their personal relationships, in and outside of their home and family circles.

95. As a direct and proximate result of Ms. Simon's illegal and unlawful detention and confinement, Aviah and Ms. Dormoy were and continue to be deprived of the normal companionship, solace and society of their mother.

96.  As a direct and proximate result of the misconduct and
abuse of authority detailed above, plaintiffs sustained the
damages hereinbefore stated.

## RESPONDEAT SUPERIOR

97.  Defendants, their officers, agents, servants, and employees
are responsible for the damages suffered by plaintiffs;
defendant City of New York, as employer of the defendant
Officers, is responsible for their wrongdoing under the
doctrine of respondeat superior.

## DECLARATORY RELIEF

98.  By reason of the foregoing, defendants deprived plaintiffs
of their due process rights, and rights, remedies,
privileges, and immunities guaranteed to every citizen of
the United States. As such, plaintiffs are entitled to a
declaration from this Court that the defendants willfully
violated plaintiffs' due process rights, and rights,
remedies, privileges, and immunities guaranteed to every
citizen of the United States, in violation of 42 U.S.C.
Section 1983, including, but not limited to, rights
guaranteed by the First, Fourth, Fifth and Fourteenth
Amendments of the United States Constitution.

## SPECIFIC RELIEF

99.  Plaintiffs seek an order of injunction prohibiting
defendants from engaging in the unlawful conduct described
herein.

WHEREFORE, plaintiffs respectfully request judgment
against the defendants as follows:

1.  On the First Cause of Action against all defendants,
compensatory and punitive damages in an amount to be
determined at trial, and reasonable attorney's fees and
costs under 42 U.S.C. Section 1988;

2.  On the Second Cause of Action, against all defendants,
compensatory damages in an amount to be determined at
trial, punitive damages against defendant Officers in an
amount to be determined at trial;

3.  On the Third Cause of Action, against all defendants,
compensatory damages in an amount to be determined at

Alexina Simon, et al./Second Amended Complaint.                    **Page 17**

trial, punitive damages against defendant Officers in an amount to be determined at trial;

4.   On the Fourth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Officers in an amount to be determined at trial;

5.   On the Fifth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Officers in an amount to be determined at trial;

6.   On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Officers in an amount to be determined at trial;

7.   On the Seventh Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

8.   On the Eighth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

9.   On the Ninth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

10.  On the Tenth Cause of Action, against defendant City of New York, compensatory damages in an amount to be determined at trial;

11.  On the Eleventh Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial; and

12.  Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   Brooklyn, New York
         March 3, 2010

Respectfully submitted,


By:  _____
     Ugochukwu Uzoh [UU-9076]
     255 Livingston Street,
     4th Floor
     Brooklyn, New York 11217
     Tel. No.  : (718) 874-6045
     Fax No.   : (718) 576-2685

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ALEXINA SIMON, ALEXANDRA DORMOY and AVIAH SIID, an infant under the age of 18 years, by her mother and natural guardian, ALEXINA SIMON,

Plaintiff(s),

against

THE CITY OF NEW YORK, DETECTIVE DOUGLAS LEE**,** SERGEANT EVELYN ALLEGRE, ADA FRANCIS LONGOBARDI, "JOHN DOE" and "JANE DOE",

Defendant(s).

---

**SECOND AMENDED SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
255 LIVINGSTON STREET, 4TH FLOOR, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

Service of a copy of the within is hereby admitted

Dated:_____

Attorney(s) For:_____

---