**UGO UZOH, P.C.**
ATTORNEYS AT LAW
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK 11217
TEL: (718) 874-6045, FAX: (718) 576-2685

August 30, 2010

By ECF

Honorable Ramon E. Reyes
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:    <u>Alexina Simon v. City of New York, et al.</u>
             09 CV 1302 (ENV) (RER)

Dear Judge Reyes:

      This firm represents plaintiff Alexina Simon, in connection with the above referenced matter. I write in opposition[1] to defendants' August 27, 2010 motion to "stay discovery in this matter until a determination is made on defendants' August 17, 2010 letter application to enjoin the deposition[] of [non-party witnesses] Alexander Dormoy and Shantell McKinnies . . . and to quash the subpoenas issued by plaintiff dated August 13, 2010."[2]

      A Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the cause of its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court must exercise its best judgment, "weigh competing interests and maintain an even balance." *Stargate Enters. v. Williams Elecs., Inc.*, 86 Civ. 2561, 1986 U.S. Dist. LEXIS 20361, at *5 (S.D.N.Y. Sept. 16, 1986) *quoting Landis*, 299 U.S. at 254-55. The party seeking to obtain a stay "must make a showing of undue prejudice." *Id.* at *5-6 *quoting Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F. Supp. 69, 73 (S.D.N.Y. 1982).

      Here, the defendants did not even attempt to show any prejudice. Rather, the defendants appear to counsel the Court to take its time to "deliberate and rule on the issues raised in defendants' pending application." Additionally, in light of the arguments raised therein, the defendants' motion seem to have been filed in reply to plaintiff's opposition to their August 17,

---

[1] Although the defendants did advise plaintiff of their plan to seek an extension of the September 3, 2010 scheduled deadline for discovery, at no time however did the defendants advice or inform the plaintiff of their plan to seek a stay of discovery/proceedings in this matter. The plaintiff on the other hand made it clear to the defendants that she was prepared to move forward with the deposition of the defendants, and complete discovery on or before the scheduled September 3, 2010 deadline.

[2] The subpoenas were served upon defendant Assistant District Attorney Francis Longobardi and third/non-party witness Detective Brancaccio on August 18, 2010.

Honorable Ramon E. Reyes
United States Magistrate Judge
Page 2 of 2

2010 motion to enjoin the deposition of the non-party witnesses and to quash the subpoenas served upon ADA Longobardi and Detective Brancaccio, and in further support of said motion to enjoin and quash.

The Supreme Court has indicated that to be entitled to a stay, a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party. *Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 5 (1st Cir. 1983) *citing Landis*, 299 U.S. at 255; *Dellinger v. Mitchell*, 442 F.2d 782, 786-88 (D.C. Cir. 1971) (a determination of injury to the restrained party is of particular importance where the claim being stayed involves a not insubstantial claim).

Here, plaintiff commenced the instant action on or about March 27, 2009. In addition to other claims, plaintiff asserted §§ 1983 and 1985 claims against the defendants and alleges, among other things, that the defendants unlawfully arrested and detained her on August 11, 2008 and August 12, 2008, respectively. While there has been several motions filed in this matter, discovery has been ongoing since the July 7, 2009 initial conference. Therefore, the defendants should have been "fully prepare[d]" for their deposition. Although the stated need to "fully prepare" the defendants for their deposition does not amount to the requisite prejudice for a grant of stay, it is perhaps significant to note that the defendants prepared all the documents in this matter and have studiously defended the legality of all of their actions in this matter since at least June 29, 2009, when they filed their answer to the Complaint. Thus, assuming for the sake of argument that the defendants were unable to review a single piece of document prepared by them which document they have consistently defended its validity since at least June 29, 2009, plaintiff respectfully submits that the defendants would not suffer any hardship or prejudice.

The plaintiff on the other hand would suffer damage as a result of further stay in the proceedings, which, as in *Austin*, would be the hardship of being forced to wait for an undefined but potentially lengthy period before recovering any damages to which she may be entitled for her not insubstantial claim(s) for unlawful deprivation of her civil rights. *Austin*, 705 F.2d at 5.

Therefore, for all the foregoing reasons, plaintiff respectfully requests that the Court deny the defendants' motion to stay discovery and or further proceedings in this matter.

Respectfully submitted,

/s/

Ugochukwu Uzoh

cc:     Assistant Corporation Counsel Andrew Myerberg (via ECF)