# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
ALEXINA SIMON,

                     Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE
DOUGLAS LEE, SERGEANT EVELYN ALLEGRE,
and ADA FRANCIS LONGOBARDI,

                     Defendants.
------------------------------------------------------------- x

**MEMORANDUM & ORDER**

09-CV-1302 (ENV) (RER)

**VITALIANO, D.J.**

Plaintiff Alexina Simon filed the instant complaint on March 27, 2009 pursuant to 42 U.S.C. § 1983 and New York state law, alleging that defendant police officers unlawfully arrested and detained her in August 2008. On May 14, 2010, Simon filed a motion to amend her complaint a second time to add new claims and permit her daughters to intervene as additional plaintiffs. Simon also filed a separate motion on May 19, 2010, seeking leave to move to strike defendants' opposition to her motion to amend, and seeking sanctions against defense counsel. On May 19, 2010 and June 2, 2010 respectively, the Court referred these motions to Magistrate Judge Ramon E. Reyes for a Report and Recommendation ("R&R"). Following a hearing, Judge Reyes issued an R&R on January 3, 2011, recommending that the motions be denied in their entirety. No objections to the R&R have been timely filed.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear

error on the face of the record." Urena v. New York, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of all the evidence in the record below, the Court adopts Magistrate Judge Reyes's R&R in full. First off, there is no basis to strike defendants' opposition papers. As Judge Reyes noted, "motions to strike call for an extreme remedy, and therefore they are disfavored and rarely granted." (See Report and Recommendation, dated January 3, 2011, at 6.) The Court agrees that defendants' reference to an outdated proposed pleading does not hinder the Court's ability to reach a decision on the merits of the motion in any way. Since the Court has all the information to make a decision on plaintiff's motion, striking defendants' opposition would serve no purpose and instead be a waste of judicial resources. As such, the Court adopts Judge Reyes's recommendation and Simon's motion seeking leave to move to strike defendants' opposition to her motion to amend the complaint is denied.

There is also no basis for granting plaintiff leave to move for sanctions against defense counsel. The Court agrees that defense counsel neither misrepresented the facts and legal authority, nor did he delay the proceedings. To the contrary, there is ample evidence in the record that Simon is the one who actually delayed the proceedings by objecting to the partial unsealing of the defendant police officer's criminal file without any apparent legal basis. Consequently, the Court adopts Judge Reyes's recommendation; Simon's request to move for sanctions against defense counsel is also denied.

Finally, the Court agrees that plaintiff has not met the Rule 15(a) standard required to amend her complaint for a second time. The claims Simon seeks to add are based on the same facts and circumstances surrounding her original and first amended complaint, or certainly facts that she should have known at the time. The delay in bringing the new claims would also

prejudice defendants because they will be even further delayed in their frustrated attempts to conduct relevant discovery. But most importantly, the claims that plaintiff seeks to add are futile. As discussed at length in Judge Reyes's well-reasoned R&R, Simon's new claims "are either precluded by absolute or qualified immunity, are insufficiently pled, are barred by the New York General Municipal Law, or are otherwise implausible." (Id. at 17.) Accordingly, leave to amend the complaint a second time is denied.

For the foregoing reasons, the Court finds Magistrate Judge Reyes's R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Plaintiff's motion to amend her complaint a second time is denied. Plaintiff's motion to strike defendants' opposition to her motion to amend and seeking sanctions against defense counsel is also denied. The parties are directed to contact Judge Reyes's chambers on or before February 7, 2011 to resume discovery.

**SO ORDERED.**

Dated: Brooklyn, New York
January 28, 2011

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
U.S.D.J.