Ugochukwu Uzoh (UU-9076)
Ugo Uzoh, P.C.
56 Willoughby Street, Third Floor
Brooklyn, New York 11201
Telephone: (718) 874-6045
Facsimile: (718) 576-2685
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXINA SIMON,<br><br>                    Plaintiff,<br><br>        -against-<br><br>THE CITY OF NEW YORK, DETECTIVE<br>DOUGLAS LEE, SERGEANT EVELYN<br>ALLEGRE and ADA FRANCIS<br>LONGOBARDI,<br>                    Defendants. | 09 CV 1302 (ENV) (RER) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
***IN LIMINE***

UGO UZOH, P.C.
Ugochukwu Uzoh
Attorney for Plaintiff
56 Willoughby Street, Third Floor
Brooklyn, NY 11201
(718) 874-6045

Dated: March 11, 2019

## PRELIMINARY STATEMENT

Plaintiff Alexina Simon brings this action against defendants Detective Douglas Lee, Sergeant Evelyn Allegre and ADA Francis Longobardi, pursuant to 42 U.S.C. § 1983, alleging violations of her federal civil rights. Specifically, plaintiff seeks to hold defendants liable for false arrest or imprisonment, stemming from her unlawful detention in August 11, 2008 and August 12, 2008.

Plaintiff respectfully submits this motion pursuant to Rules 401, 402, 403, 404, 608, and 609 of the Federal Rules of Evidence to preclude defendants from asserting any affirmative defenses of qualified immunity and/or the existence of probable cause, and from suggesting or introducing any evidence concerning any investigations (including any involvement with and/or knowledge of any criminal charges) into to the criminal charges levied against Police Officer Shantell McKinnies.

## ARGUMENT

Plaintiff alleges that she was falsely arrested or imprisoned by the defendants, because they detained her unlawfully. The only basis defendants had to detain the plaintiff was a warrant that, on its face, directed police officers to bring the plaintiff "forthwith" to a court at a fixed date and time to determine whether she should be adjudged a material witness and held further or released at that time. As the Second Circuit has concluded, the issue in this case is not whether or not defendants had probable cause but whether the defendants' conduct were unreasonable and "flout[ed] the plain terms" of the warrant. *Simon v. City of New York*, 893 F.3d 83 (2d Cir. 2018). More specifically, as the Second Circuit has recognized, "we deal here with a question of warrant *execution,* [] where it has long been settled that the ultimate test is reasonableness." *Id.* at 98 (emphasis in original). To the extent

defendants' conduct were unreasonable, they are not entitled to qualified immunity. *See Simon*, 893 F.3d at 100-101.

Thus, as the issue in this case is whether or not the defendants flouted the plain terms of the warrant, the issues of qualified immunity, probable cause, and any criminal charges levied against Officer McKinnies have no probative value, yet risk confusion and possible prejudice to the plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion *in limine* in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
      March 11, 2019

                         Respectfully submitted,

                             /s/Ugochukwu Uzoh
                         Ugochukwu Uzoh
                         Ugo Uzoh, P.C.
                         Attorney for Plaintiff
                         56 Willoughby Street, Third Floor
                         Brooklyn, NY 11201
                         Tel.: (718) 874-6045
                         Fax.: (718) 576-2685
                         Email: u.ugochukwu@yahoo.com