UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXINA SIMON,

                          Plaintiff,

        -against-                                      PROPOSED JURY INSTRUCTIONS

THE CITY OF NEW YORK, DETECTIVE
DOUGLAS LEE, SERGEANT EVELYN              09 CV 1302 (ENV) (RER)
ALLEGRE and ADA FRANCIS                  Docket No.
LONGOBARDI,

                          Defendants.

## Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the

fact issues in this civil case. Before you do that, I will instruct you on the law. Please pay close

attention to me now. I will be as clear as possible.

## Role of the Court

You have now heard all of the evidence in the case as well as the final arguments

of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these

instructions of law and apply them to the facts as you determine them, just as it has been my duty

to preside over the trial and decide what testimony and evidence is relevant under the law for

your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney

has stated a legal principle different from any that I state to you in my instructions, it is my

instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions to take with you into the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

### Role of the Jury

Your role, as I have earlier said, is to consider and decide the fact issues in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is anything I may have said during the trial or may say during these instructions [about a fact issue] to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. In this connection, remember that a question put to a witness is never evidence. Only the answer is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers' and not mine --that controls.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff or the defendant has presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses. **It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey an opinion, you would not be obliged in any way to follow it.**

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice or passion for or against any party and without regard to what the reaction of the parties or the public to your verdict may be. I will later discuss with you how to pass upon the credibility of the witnesses.

### Burden of Proof

In this case, plaintiff ALEXINA SIMON has the burden of proving all her claims and damages by a preponderance of evidence, except for her false arrest and imprisonment claim. In a false arrest and imprisonment claim, the defendant must prove by a preponderance of

evidence that the arrest and detention were not unreasonable. For all the other claims and damages, the plaintiff has the burden of proving by a preponderance of the evidence each and every disputed element of her claims and the damages resulting therefrom. If you find that the plaintiff has failed to establish one of her claims by a preponderance of the evidence, you must decide against her on the issue you are considering. If you find that the defendants have failed to establish that the arrest and detention of plaintiff ALEXINA SIMON was unreasonable, you must decide against the defendants.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence; that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the plaintiff to prevail on one of her claims, the evidence that supports her claim must appeal to you as more nearly representing what took place than the evidence opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the plaintiff.

This concept of preponderance of the evidence is often illustrated with the idea of scales. You put on one side all of the credible evidence favoring plaintiff and on the other all the credible evidence favoring defendant. If the scales tip toward the plaintiff because plaintiff's evidence is weightier, you must find in plaintiff's favor. But if the scales are evenly balanced, or if they tip in defendant's favor, then you must find for the defendant.

Some of you no doubt have heard of "proof beyond a reasonable doubt", which is the standard of proof that is used in a criminal trial. A plaintiff in a civil case does *not* have to satisfy that requirement, and you should put it out of your mind.

### Evidence/What is Not Evidence

The evidence from which you are to decide what the facts are consists of:

1) the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2) the documents, the videotape, the audiotape, and other exhibits which may have been received into evidence;

3) any facts to which all the lawyers may have agreed or "stipulated"; and

4) any fact which I may have instructed you to accept as true.

Nothing else is evidence; not what the lawyers say, not what I say, not anything you heard outside the courtroom.

### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses -- i.e. something seen, felt, touched, heard or tasted. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence as follows:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

It is for you to decide whether a fact has been proven by circumstantial evidence. In making that decision, you must consider all the evidence related to that fact in the light of reason, common sense and your experience.

## **Inference**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess. It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.

6

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences you should exercise your common sense.

Keep in mind that the mere existence of any inference against the defendant does not relieve the plaintiff of the burden of establishing her case by a preponderance of the evidence. In order for the plaintiff to obtain a verdict in her favor, you must still believe from the credible evidence that she has sustained the burden cast upon her of proving her claims. If she has failed, then your verdict must be for the defendants. If you should find that all of the evidence is evenly balanced, then the plaintiff has not sustained the burden of proof and your verdict should be for the defendants.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then she has met the burden of proof.

### Credibility of Witnesses

You have had the opportunity to observe (all) the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as

well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony. You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness' demeanor while testifying? Often it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness' testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the

case. Always remember that you should use your common sense, your good judgment and your own life experience.

<u>**Interest in Outcome**</u>

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness' own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

In this case the interested witnesses are plaintiff ALEXINA SIMON, and defendants DETECTIVE DOUGLAS LEE, SERGEANT EVELYN ALLEGRE and ASSISTANT DISTRICT ATTORNEY FRANCIS LONGOBARDI.

<u>**District Attorney Investigator and/or Assistant District Attorney as Party**</u>

The fact that one or more defendant is a district attorney investigator and/or assistant district attorney entitles him to no greater consideration than that accorded to any other party to a litigation. By the same token he is entitled to no less consideration. All parties stand as equals at the bar of justice. You are to perform the duty of finding the facts without bias or

prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

## <u>Introduction to Plaintiff's Claims</u>

In this action against DETECTIVE DOUGLAS LEE, SERGEANT EVELYN ALLEGRE and ASSISTANT DISTRICT ATTORNEY FRANCIS LONGOBARDI, plaintiff ALEXINA SIMON seeks compensatory and punitive damages pursuant to Section 1983 of Title 42 of the United States Code for violation of her constitutional rights under the Fourth and Fourteenth Amendments, based upon defendants' role in restraining her liberty or right to walk away, causing plaintiff to be falsely arrested and detained on August 11, 2008 and August 12, 2008.

## <u>The Statute: 42 U.S.C. § 1983</u>

Plaintiff ALEXINA SIMON brings this action claiming a violation of 42 U.S.C. § 1983 or Section 1983 for short, alleging that district attorney investigators DETECTIVE DOUGLAS LEE and SERGEANT EVELYN ALLEGRE, and ASSISTANT DISTRICT ATTORNEY FRANCIS LONGOBARDI, acting under color of state law, deprived her of one or more rights, privileges or immunities secured by the constitution, laws or treaties of the United States. Section 1983 is a federal civil rights law that provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

You are instructed as a matter of law that under the Constitution of the United States, every citizen has the right to his or her liberty, that is, the right to be free of false arrest and imprisonment. Included in this right is the right not to be unreasonably detained. The violation of any of these rights by a district attorney investigator and/or assistant district attorney states a claim under Section 1983.

Plaintiff asserts a claim under Section 1983. The Section 1983 statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to her by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

(Authority: 4 Martin A. Schwartz & George C. Pratt, Section 1983 Litigation Jury Instructions (2000) (hereinafter "Schwartz"), Instruction 3.01.1.)

## Elements of a Section 1983 Claim

To establish a claim under Section 1983, plaintiff must demonstrate, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that in so acting, one or more of the individual defendants violated one or more constitutional rights of the plaintiff; and

Third, that a defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

(Authority: 4 L. Sand, J. Siffert, S. Reiss, J. Sexton, J. Thorpe, Modern Federal Jury Instructions (1988) (hereinafter "Sand"), Instruction 87-68.)

## First Element: Action Under Color of State Law

The first element of plaintiff's claim is that defendants acted as government actors and under color of state law.

In this case, it is not disputed that, in the incident in question, the individual defendants were acting in their official capacity as Queens County District Attorney investigators and assistant district attorney and, therefore, that they were acting under color of state law. The parties agree that the defendants were acting under color of state law.

Your job will be to determine whether plaintiff has established, by a preponderance of the evidence, the remaining two elements of her Section 1983 claim: specifically, whether defendants deprived plaintiff of a constitutional right, privilege, or

immunity, and if so, whether defendants' acts were the proximate cause of the injuries and consequent damages sustained by plaintiff.

### Second Element: Deprivation of a Federal Right

The second element of plaintiff's claim is that she was deprived of a federal constitutional right by one or more of the defendants. Ms. Simon claims that her federal constitutional rights were violated in one way. Ms. Simon claims that the defendants subjected her to an unreasonable detention in violation of her Fourth Amendment rights.

I will instruct you in detail as to what Ms. Simon must show to establish each of the claimed violations of her constitutional rights. If you find that Ms. Simon meets those requirements as to any one or more of the claimed violations of her constitutional rights, you must find in Ms. Simon's favor and award her any damages that were proximately caused by those violations.

Ms. Simon need not show that any defendant intended to deprive her of her constitutional rights. The fact that any defendant had no specific intent or purpose to deprive Ms. Simon of her constitutional rights will not absolve them from liability if the defendant did in fact deprive Ms. Simon of those rights, so long as defendants' acts themselves were intentional rather than accidental.

Source: *Hudson v. City of New York*, 271 F.3d 62, 68-69 (2d Cir. 2001) (holding that specific intent is not an element of a § 1983 claim).

### The First Part of the Second Element: Commission of the Acts

You must first determine whether or not the defendants acted in the manner alleged by plaintiff -- that is, that the defendants subjected the plaintiff to an unreasonable detention.

## Introduction to Plaintiff's Substantive § 1983 Claims

Plaintiff makes one substantive claim under the United States Constitution: false arrest or imprisonment. I will now address the claim.

## Substantive Claim: False Arrest or Imprisonment

Plaintiff alleges that she was falsely arrested or imprisoned by the defendants, because they detained her unlawfully. The only basis they had to detain her was a warrant that, on its face, directed police officers to bring her "forthwith" to a court at a fixed date and time to determine whether she should be adjudged a material witness and held further or released at that time. The parties agree that she was never presented to the court at any time, but disagree as to whether the defendants held plaintiff unlawfully on the basis of the warrant. Plaintiff maintains that not only was she not brought before a court "forthwith," but she was detained by the defendants without her consent. Defendants, on the other hand, maintain that for whatever period she remained with them, she did so due to her voluntary consent.

"Forthwith", as used in the material witness warrant, means that the witness being sought should be brought before the court "*without delay, at once, promptly.*" *Ayers v. Coughlin*, 72 N.Y.2d 346, 353 (1988) (emphasis in original). "Forthwith' signals immediacy." *Id.* at 353. It is undisputed that plaintiff was not brought before a judge or court at any time.

When a police officer or government actor even briefly detains an individual and restrains that person's right to walk away, he has effected a "seizure" and the limitations of the Fourth Amendment become applicable. A Fourth Amendment seizure or detention occurs when police officers or government actors have, by means of "physical force or show of authority" in some way restrained the liberty or freedom of movement of a citizen. *United States v. Mendenhall*, 446 U.S. 544, 553 (1980); *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). A seizure or

14

detention itself occurs where, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Mendenhall*, 446 U.S. at 554. Thus, in any case where a citizen reasonably believes that she was not free to disregard police officers or government actors during an encounter and simply walk away from them, that individual has been seized or detained by the police officers or government actors. In addition, if a police officer or a government actor tells a citizen that he has a warrant for her arrest and requests that she come to the police station or office, the citizen did not voluntarily consent to an arrest by complying with the request. A citizen's submission to a police officer or government actor's claim or show of lawful authority does not amount to consent. In addition to other factors, knowledge of right to refuse consent is "highly relevant to the determination that there had been consent." *Mendenhall*, 446 U.S. at 558-59. The government bears "the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority." *Florida v. Royer*, 460 U.S. 491, 497 (1983).

If you find that the defendants detained plaintiff for any period of time after they were required to bring her before the court, you must find in Ms. Simon's favor on her false arrest and imprisonment claim. On the other hand, if you find that she voluntarily consented to remain in the presence of the defendants, then you must find in the defendants' favor.

### Party's Failure to Produce Evidence

If you find that a party could have produced certain evidence, and that the evidence was within that party's control, and that this evidence would have been relevant in deciding facts in dispute in this case, you are permitted, but not required, to infer that the evidence, if produced, would have been unfavorable to that party.

15

In deciding whether to draw this inference, you should consider whether the evidence that was not produced would merely have duplicated other evidence already introduced. You may also consider whether the party has offered a reason for not producing this evidence, and whether that reason was explained to your satisfaction.

(Authority: Schwartz, Instruction 2.04.1.)

## **Damages - Introduction**

If you find that plaintiff has proved by a preponderance of the evidence all of the elements of one or more of her claims for relief for the alleged violation of her federal rights, you must then decide if she suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other. It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that plaintiff has established liability on at least one of her Section 1983 claims.

Should you decide that plaintiff has proved a particular claim by a preponderance of the evidence, you must consider awarding three types of damages: compensatory damages, nominal damages, and punitive damages. I will now define each type of damages.

(Authority: Schwartz, Instruction 2.05.1.)

## **Compensatory Damages**

If you find that defendant is liable to plaintiff, then you must determine an amount that is fair compensation for all of plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make plaintiff whole; that is, to

compensate plaintiff for the damage that she has suffered. If plaintiff wins, she is entitled to compensatory damages as a matter of law for loss of liberty and emotional distress resulting from her arrest and detention. Kerman v. City of New York, 374 F.3d 93 (2d Cir. 2004) (loss of liberty is entitled to compensatory and not merely nominal damages). This means that if you believe that plaintiff suffered emotional distress and a loss of liberty as a result of defendants' conduct you must award compensatory damages for the amount of time that plaintiff was deprived of her liberty.

You must award compensatory damages only for injuries that plaintiff proves were proximately caused by a defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered, or that plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.

In assessing compensatory damages, you must include an amount attributable loss of liberty and emotional distress resulting from her arrest and detention that you determine to be reasonable compensation in the light of all the evidence in this case. Kerman v. City of New York, 374 F.3d 93, 123-25 (2d Cir. 2004) (loss of liberty is recognized as a recoverable

17

compensatory damage). Consequently, the law does not try to fix, nor does the law permit, a precise formula by which loss of liberty and emotional damages as an element of compensatory damages may be measured and reduced to dollars and cents.

In this case Ms. Simon contends that she was unreasonably deprived of her liberty. Ms. Simon contends that as a result of the arrests or seizures she was unreasonably detained for two (2) days. Ms. Simon contends that she was unable to work as a result, and was ultimately forced to take three (3) unpaid leave from work. Ms. Simon further contends that she was unable to care for her minor daughter during the period of her detention, and that she suffered emotional distress because of the conduct of the defendants.

Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate plaintiff for the loss liberty you find that Ms. Simon endured as the direct result of any constitutional deprivation she may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

If you find for plaintiff, she is entitled to recover an amount that will fairly compensate her for any damages she has suffered to date. In addition, if you find that plaintiff is

reasonably certain to suffer damages in the future from her injuries, then you should award her the amount you believe would fairly compensate her for such future damages.

(Authority: Schwartz, Instructions 18.01.1, 18.01.5, 18.01.8.)

## Punitive Damages

If you have awarded plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of defendants that proximately caused injury or damage to plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon plaintiff.

(Authority: Schwartz, Instruction 18.07.1.)

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Every juror should be heard. No one juror should hold the center state in the jury room and no one juror should control or monopolize the deliberations. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

## Selection of Foreperson

Your foreperson will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority that any other juror.

The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

**<u>Return of Verdict</u>**

I will give you a verdict sheet/form to be filled out by the jury. The purpose of the questions on the form is to help us - the Court, and counsel for Plaintiff and Defendants - to understand what your findings are. I will hand this form, which contains a set of questions, to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did it would not be binding on you.

Before the jury attempts to answer any question you should read the entire set of questions, and make sure that everybody understands each question. Before you answer the question, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form I am giving you.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield you view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades

you. In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

### Closing Comment

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse, you should treat each other with courtesy and respect during your deliberations.

After you have reached a verdict, your foreperson will fill in the Verdict Sheet that has been given to you, sign and date it and advise the Marshal outside your door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in Court. Once you verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this courtroom. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

I thank you for your time and attentiveness.

Dated: Brooklyn, New York
      March 11, 2019

                             /s/Ugochukwu Uzoh
                           Ugochukwu Uzoh
                           UGO UZOH, P.C.
                           Attorneys for Plaintiff
                           56 Willoughby Street, Third Floor
                           Brooklyn, NY 11201
                           (718) 874-6045