```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ALEXINA SIMON,                                :
                                              :
                              Plaintiff,      :
                                              :
        -against-                             :
                                              :
CITY OF NEW YORK, FRANCIS                     :
LONGOBARDI, EVELYN ALEGRE, and                :
DOUGLAS LEE,                                  :
                                              :
                              Defendants.     :
------------------------------------------------------------ x
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 17 2019 ★
BROOKLYN OFFICE

SHORT FORM
MEMORANDUM & ORDER

09-cv-1302 (ENV) (RER)

VITALIANO, D.J.

    Jury selection in this case is scheduled to start on June 10, 2019. Plaintiff has filed a motion *in limine*, and defendants have cross-moved, raising, in addition to requests of their own, several issues in opposition to plaintiff's requested relief. Having considered the submissions of the parties, the motions are resolved in the manner and for the reasons set forth below.

| Motion | Ruling |
|---|---|
| **Plaintiff's Motion *in Limine*** ||
| (A) Plaintiff seeks to preclude defendants from asserting any affirmative defenses of qualified immunity or the existence of probable cause. | (A) Plaintiff argues that the only issue in this case, to the extent plaintiff can establish that her interrogation at the district attorney's office was not voluntary, is whether defendants flouted the terms of a material witness warrant and acted unreasonably. She contends that the questions of qualified immunity and probable cause are |



1

not proper matters for trial. This understanding reads the Second Circuit's decision too broadly.

As a preliminary matter, the Second Circuit viewed "the facts . . . in the light most favorable to Simon" because of the procedural posture of the case. *Simon v. City of New York*, 893 F.3d 83, 88 (2d Cir. 2018). The posture and applicable legal standards are substantially different at trial, where the facts must be proven. In that regard, although the court of appeals made clear that knowingly flouting the plain terms of a material witness warrant violates clearly established law, *id.*, it did not determine whether the terms of the warrant were violated here, *id.* at 100-01, or whether "*any* reasonable officer, out of the wide range of reasonable people who enforce the laws in our country, *could have* determined that the challenged action was lawful," *Muschette ex rel. A.M. v. Gionfriddo*, 910 F.3d 65, 70 (2d Cir. 2018) (quoting *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016)). For example, especially where the evidence, as presented on summary judgment, does not suggest that defendants planned to detain the material witness beyond the needs of trial preparation and indicates that the material witness was

free to leave after each prep session, as opposed to being detained overnight or throughout trial, the particularities of making a return on the court as the warrant instructed might differ with the varied type of detention and might bear on the reasonableness of defendants' conduct.

Because these issues are at the core of the qualified immunity inquiry, plaintiff's motion is denied in part but also granted in part. Specifically, defendants will be precluded from arguing that the relevant law is not clearly established, but they will be permitted to argue factual questions relevant to the issue of qualified immunity, including whether any reasonable officer, under the factual circumstances proven at trial, could have believed defendants' conduct to be lawful.

With respect to probable cause, however, defendants will be precluded from raising the issue because it is undisputed that, to the extent she did not voluntarily accompany the detectives as defendants claim, plaintiff was picked up on a material witness warrant rather than on suspicion of a crime. To the extent that probable cause may include "probable cause to believe that the

| | |
|---|---|
| | individual named in the warrant was a material witness," *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011), the issue remains irrelevant because the lawfulness of the material witness warrant is not at issue. Any discussion of probable cause would merely distract the jury from the core issues in this case. Consequently, the branch of plaintiff's motion regarding probable cause is granted. |
| (B) Plaintiff moves to preclude defendants from suggesting or introducing any evidence concerning any investigations into the criminal charges against Police Officer Shantell McKinnies. | (B) Defendants consent to the preclusion of evidence regarding Officer McKinnies's settlement with the New York City Comptroller, and, to that extent, plaintiff's request is granted without opposition.<br><br>There is, however, a dispute as to the admissibility of other evidence regarding the investigation. Plaintiff claims that evidence concerning any criminal charges against Officer McKinnies has no probative value but risks confusion and possible prejudice to plaintiff. In response, defendants note that the testimony of several witnesses plaintiff intends to call, including Officer McKinnies herself, relates to these charges and the corresponding investigation. Furthermore, defendants suggest that evidence regarding the McKinnies |

4

investigation would provide necessary context for the material issues in this case.

Significantly, right off the start, plaintiff's motion papers offer nothing to support the claim that the evidence at issue risks prejudice to plaintiff. Indeed, defendants note that there is no risk of prejudice because the evidence will show that neither plaintiff nor her daughter was suspected of wrongdoing prior to August 11, 2008. Accordingly, the only genuine issue is whether the evidence risks confusing the jury.

Plaintiff contends that there is a risk of confusion, but her argument is ineluctably intertwined with her unsupported view that the only issue in this case is whether defendants' conduct was unreasonable and flouted the plain terms of the material witness warrant. Defendants argue, contrarily, that details regarding the McKinnies investigation help to explain defendants' mistake regarding plaintiff's identity, as well as why plaintiff purportedly agreed to accompany defendants to the district attorney's office on August 12, 2008.

|  | The Court agrees that this information is important context for the events at issues. Indeed, the Second Circuit has explicitly stated that "the clarification of the mistaken identity, and the degree to which Simon was a willing participant in the days' events" are critical issues for trial. *Simon*, 893 F.3d at 100-01. Therefore, this portion of plaintiff's motion is denied, although defendants are cautioned that they will not be permitted to use details of the McKinnies investigation to suggest that plaintiff was suspected of misconduct. |
|---|---|
| <td colspan="2" align="center">Defendants' Motion *in Limine*</td> |
| (A) Defendants seek to preclude plaintiff from introducing or suggesting in any way that there are allegations of misconduct against defendants. | (A) Plaintiff does not oppose this portion of defendants' motion. The request is, therefore, granted, and plaintiff will be precluded from suggesting or introducing evidence that there are allegations of misconduct against defendants. |
| (B) Defendants move to amend the caption to remove the City of New York as a defendant, to preclude plaintiff from referring to defense counsel as "City Attorneys," and to preclude plaintiff from offering | (B) Plaintiff does not oppose this portion of defendants' motion. Consequently, this request is granted. The Clerk of Court is directed to remove the City of New York from the caption. Plaintiff may not refer to defendants' counsel as "City Attorneys" and may not offer evidence of the potential indemnification of |

| | |
|---|---|
| evidence of the potential indemnification of defendants. | defendants. |
| (C) Defendants seek to preclude several of the witnesses listed in the joint pretrial order from testifying. | (C) Defendants raise several grounds on which six of plaintiff's proffered witnesses should be precluded from testifying. First, they argue that the witnesses were not identified, pursuant to Rule 26, as witnesses plaintiff would rely upon. Rule 26(a)(1)(A)(i) requires a party to provide other parties with the identity and other information about each individual likely to have discoverable information that may be used to support the disclosing party's claims. Rule 26(e) requires a party to supplement its disclosures under Rule 26(a) as it learns that the earlier disclosures were incomplete or incorrect. However, a more specific provision of Rule 26 governs disclosure of the identity of a party's witnesses at trial. Rule 26(a)(3) requires identification of the anticipated witnesses at least 30 days before trial. Here, plaintiff identified the witnesses whose testimony defendants seek to preclude in the proposed joint pretrial order, filed on March 2, 2015, more than four years prior to trial. (*See* Proposed Pretrial Order at 2-5, ECF No. 113 ("JPTO")). Having satisfied the procedural requirements applicable |

7

to pretrial disclosures, Rule 26 does not provide a basis to preclude these witnesses from testifying. Moreover, to the extent that plaintiff may have failed to comply with Rule 26(a) and (e), such a violation was not prejudicial, as defendants have had more than four years to depose or otherwise seek information from the newly identified witnesses.

However, the testimony of several of these witnesses will be precluded as irrelevant or incompetent. "Mr. Wayne" and Matthew Washington were identified as witnesses who "[w]ill testify regarding the arrest/seizure and Plaintiff's employment." (JPTO at 4). "Ms. Hillerine" is also identified as a co-worker. (Pl.'s Mem. Opp'n at 3, ECF No. 152 ("Opp'n")). In this case, to the extent plaintiff was arrested and did not voluntarily accompany the detectives who brought her to the district attorney's office, plaintiff was arrested upon a legitimate material witness warrant. There would be no dispute as to the legality of this arrest; only the subsequent detention is at issue. Consequently, the testimony of others at plaintiff's place of employment is irrelevant. Plaintiff notes that "Mr. Wayne" approved plaintiff's request for

8

unpaid leave, that defendants spoke with Washington after plaintiff's arrest, and that "Ms. Hillerine" informed plaintiff's sister about the subject arrest, but these details do nothing to establish the relevance of their testimony. Plaintiff's request for unpaid leave establishes that she left her place of employment with the officers, but this is undisputed. Moreover, the record reveals no relevance to defendants' conversation with Washington after the alleged arrest. Finally, Ms. Hillerine's conversation with plaintiff's sister is immaterial to whether an arrest occurred and whether the warrant was properly executed. Therefore, these witnesses will not be permitted to testify.

Giselle Simon, Roberto Simon, and Kazandra Simon are plaintiff's siblings. Plaintiff proffers that they will testify regarding her arrest on August 12, 2008. (Opp'n at 2). However, plaintiff was deposed regarding who was present during this arrest and named only Alexandra Dormoy and Kendel Simon. (Simon Dep. at 65:21-22, ECF No. 82-5). If plaintiff's version of events is to be credited, it would appear that Giselle, Roberto, and Kazandra Simon have no personal knowledge of any

9

| | |
|---|---|
| | relevant events. If plaintiff wishes to offer these witnesses, she is directed to submit to the Court, no later than one week before trial, evidence demonstrating a good faith basis for her claim that these witnesses were present on August 12, 2008 and could offer admissible testimony, since her current proffer is flatly contradicted by her own sworn testimony. Defendants' motion to preclude is conditionally granted, but plaintiff may move for reconsideration upon a showing of a good faith basis for offering these witnesses' testimony.[1] |
| (D) Defendants move to preclude plaintiffs from requesting a specific dollar amount from the jury. | (D) Although "the Second Circuit has not prohibited parties from suggesting particular damages amounts to the jury, it has cautioned against this practice." *Bermudez v. City of New York*, No. 15-cv-3240 (KAM) (RLM), 2019 WL 136633, at *10 (E.D.N.Y. Jan. 8, 2019) (citing *Ramirez v. N.Y.C. Off-Track Betting Corp.*, 112 F.3d 38, 40 (2d Cir. 1997)). The question of whether to permit such argument by counsel is "left to the discretion of the trial judge." *Lightfoot v. Union* |

---

[1] The same would hold true for "Mr. Wayne," Matthew Washington, or "Ms. Hillerine" upon a proffer of admissible testimony they might provide to show that plaintiff did not voluntarily accompany the detectives when she left with them.

*Carbide Corp.*, 110 F.3d 898, 912-13 (2d Cir. 1997).

Here, plaintiff argues that counsel should be permitted to suggest a dollar amount to the jury because this is not a case "where jurors may be able to relate to or quantify [the plaintiff's injuries]," as they "may not have suffered through an arrest process and/or experienced such a deprivation of liberty." (Opp'n at 4). This fact, however, counsels against permitting attorneys to suggest a dollar amount to the jury because "[a] jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel." *Mileski v. Long Island R.R. Co.*, 499 F.2d 1169, 1172 (2d Cir. 1974).

Moreover, plaintiff's argument that the Second Circuit prohibits a plaintiff from "throw[ing] himself on the generosity of the jury" is unavailing, as this principle refers to the requirement that "[i]f [a plaintiff] wants damages, he must prove them," and says nothing about suggesting a dollar amount to the jury. *Bracey v. Bd. of Educ.*, 368 F.3d 108, 119 (2d Cir. 2004) (citation

| | |
|---|---|
| | omitted). Defendants' motion is granted, and plaintiff's counsel will be precluded from suggesting a particular dollar amount to the jury. |

So Ordered.

Dated: Brooklyn, New York
       May 15, 2019

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge